UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | No. 04 CR 534 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| HENRY SAVAGE | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

On October 6, 2005, a grand jury returned a superseding indictment against Defendant, Henry Savage, charging Savage with intent to distribute a controlled substance in excess of fifty grams, namely, mixtures containing cocaine base, in the form of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). The matter comes before the Court for ruling on the Government's Motions *in Limine* Nos. 4 and 6[1] and Defendant's related Motion *in Limine* . On November 7, 2005, prior to trial, a hearing was held on these motions.

The Government's Motion *in Limine* No. 4 seeks to admit expert testimony regarding crack cocaine. In opposition, Defendant filed a motion *in limine* seeking to preclude the Government and its witnesses from identifying the substance as crack cocaine and to strike reference to crack cocaine in the indictment. Defendant contends that cocaine base must be processed with sodium bicarbonate to be "crack" cocaine. Defendant's expert will opine that sodium bicarbonate remains after processing; therefore, its absence indicates that the cocaine was not reduced to cocaine base by a process using sodium bicarbonate. It is undisputed that a sample of the drug tested did not contain sodium bicarbonate.

---

[1] The Government filed six Motions *in Limine*. The Court denied the Government's Motions *in Limine* Nos. 1, 2, 3, and 5 in a separate order.

Contrary to the arguments in his Motion *in Limine*, Defendant's counsel also contends that the jury must determine whether the substance was crack cocaine.

Specifically, the Superseding Indictment alleges that Defendant "intentionally possessed with intent to distribute a controlled substance, namely, in excess of 50 grams of mixtures containing cocaine base, in the form of 'crack cocaine,' a Schedule II Narcotic Controlled Substance . . . ." The factual allegation that the controlled substance was "crack" need not be proven beyond a reasonable doubt to sustain a conviction under Section 841(a)(1). *See United States v. Harris*, 325 F.3d 865, 868 (7th Cir. 2003) (*Harris*) (element includes knowledge that the drug was a *controlled substance*); *United States v. Smith*, 230 F.3d 300, 305 (7th Cir. 2000) (*Smith*) (indictment is sufficient if it states all the elements of the crime); *Brandom v. United States*, 431 F.2d 1391, 1397 (7th Cir. 1970) (*Brandom*) ("it is unnecessary for the prosecution to prove beyond a reasonable doubt every factual allegation set out in the indictment").

However, the determination of whether the controlled substance was crack or cocaine base is relevant to penalties under 18 U.S.C. § 841(b). *See United States v. Edwards*, 397 F.3d 570, 577 (7th Cir. 2005) (*Edwards*); *United States v. Earnest*, 129 F.3d 906, 916-17 (7th Cir. 1997). If the Government seeks to increase the statutory maximum based on drug type, the kind of controlled substance must be treated as if it were an element of the offense to be determined by the jury beyond a reasonable doubt. *See United States v. Robinson*, 250 F.3d 527, 529 (7th Cir. 2001).

Therefore, in the instant case, whether the alleged drug was crack cocaine is an element of the offense to be determined by the jury beyond a reasonable doubt. The Defendant, during oral arguments on his motion to strike the term crack from the indictment and to preclude evidence thereof, conceded this.

For a jury to determine if the substance at issue is crack cocaine, that substance must be defined. "All crack is cocaine base but not all cocaine base is crack." *Edwards*, 397 F.3d at 571. "[F]or purposes of the enhanced penalties in the Guidelines *and* the statutes 'cocaine base' means 'crack cocaine.'" *Edwards*, 250 F.3d at 572 (citing *United States v. Booker*, 70 F.3d 488, 489-90 (7th Cir. 1995)). This construction is consistent with the "overriding Congressional concern" to provide for harsher penalties due to the alarming rise in the use of crack associated with the easier and "safer" means of using sodium bicarbonate to manufacture crack cocaine. *See Booker*, 70 F.3d at 491-94; *Edwards*, 397 F.3d at 573-75. Therefore, "crack cocaine" is determined to be "the street name for another form of freebase cocaine, produced by mixing cocaine hydrochloride with baking soda and water, boiling the mixture until only a solid substance is left, and allowing it to dry, resulting in a rocklike substance." *Edwards*, 397 F.3d at 574.

Whether sodium bicarbonate disappears after processing is a fact in controversy as the Government's expert will opine that sodium bicarbonate may disappear after processing contrary to the opinion of the Defendant's expert.

Based on the above, evidence relating to whether the substance was crack cocaine is admissible. Expert testimony on this may be admitted provided such evidence is admissible under all applicable Federal Rules of Evidence. Accordingly, the Government's Motion *in Limine* No. 4 is granted; and Defendant's Motion *in Limine* to Preclude the Government and Its Witnesses from Identifying Substance as Crack Cocaine and to Strike Reference to Crack Cocaine in the Indictment is denied. The Government's motion to preclude Defendant's expert from defining "crack" in a manner inconsistent with the jury instructions (presented in its reply brief in support of the pending motions) is denied.

The Government's Motion *in Limine* No. 6 seeks to preclude Defendant from arguing that he should be acquitted if the jury finds that the drug was not "crack" cocaine. For the reasons stated above, the controlled substance need not be crack cocaine to sustain a conviction under Section 841(a)(1); therefore, the Government's Motion *in Limine* No. 6 is granted.

Dated: 11-9-05

JOHN W. DARRAH
United States District Judge