UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 04 CR 534 |
| v. ) | |
| ) | Judge John W. Darrah |
| HENRY SAVAGE, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OPINION AND ORDER

Presently pending before the Court are the Government's Motions *in Limine* and Defendant's, Henry Savage's, Motion *in Limine* to Preclude the Government and Its Witnesses from Identifying Substance as Crack Cocaine and to Strike Reference to Crack Cocaine in the Indictment.

### BACKGROUND

On August 5, 2004, a grand jury returned a multi-count indictment against Defendant, Henry Savage, and four co-defendants. Savage was charged with intent to distribute a controlled substance, namely, in excess of fifty grams of mixtures containing cocaine base, in violation of 21 U.S.C. § 841(a)(1).

The indictment arose following Savage's arrest on July 29, 2003, for possession of crack cocaine. On or about August 6, 2003, Savage testified before the grand jury and admitted his involvement in the charged offense. Savage also testified to his prior drug dealings, including numerous purchases of cocaine from the Co-Defendant, Martin Valadez.

Savage also agreed to record conversations with Valadez. From the time of his arrest through September 2003, Savage recorded several conversations with Valadez. In 2004, Savage met with the Government and provided additional information concerning his drug dealings with Valadez.

Later, Savage indicated that he no longer wanted to cooperate, and he did not testify at Valadez's February 2005 trial. Savage has elected to proceed to trial and intends to raise a coercion defense and to contest whether the substance was crack cocaine. On October 6, 2005, a grand jury returned a superseding indictment against Savage, charging Savage with intent to distribute a controlled substance in excess of fifty grams, namely, mixtures containing cocaine base, in the form of crack cocaine, in violation of 21 U.S.C. § 841(a)(1).

## ANALYSIS

Evidence is excluded on a motion *in limine* only if the evidence is clearly inadmissible for any purpose. *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) (*Hawthorne*). "This court has the power to exclude evidence *in limine* only when evidence is clearly inadmissible on all potential grounds. . . . Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context. . . . Denial of a motion *in limine* [in this order] does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that, without the context of trial, the court is unable to determine whether the evidence in question should be excluded. Therefore, the court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion *in limine*." *Hawthorne*, 831 F. Supp. at 1400-01 (internal citations omitted).

However, motions *in limine* are also well-established devices that settle evidentiary disputes and streamline trials in advance so that trials are not interrupted mid-course due to the need to consider lengthy and complex evidentiary issues. *See United States v. Tokash*, 282 F.3d 962, 968 (7th Cir. 2002) (*Tokash*). Accordingly, the court may address motions *in limine* addressing possible

affirmative defenses and exclude such defenses if the proposed defense fails as a matter of law. *See Tokash*, 282 F.3d at 968 (affirming trial court's ruling preventing defendant from presenting evidence of the affirmative defense of necessity); *United States v. Bastanipour*, 41 F.3d 1178, 1184 (7th Cir. 1994) (*Bastanipour*) (affirming trial court's ruling preventing evidence of coercion defense).

The Government's Motion *in Limine* No. 1 seeks to preclude Savage's expert's testimony as to Savage's coercion defense, to preclude argument in opening and closing arguments of the legal defense of coercion, and to preclude any jury instruction on coercion. The Government argues that Savage's coercion defense fails as a matter of law.

A defendant is entitled to an instruction on his theory of the case if: (1) the proffered instruction is a correct statement of the law, (2) the defense theory is supported by the evidence, (3) the defense theory is not part of the charge, and (4) the failure to include the instruction would deny the defendant a fair trial. *See United States v. Fiore*, 178 F.3d 917, 922 (7th Cir. 1999) (*Fiore*). The affirmative defense of coercion, also known as duress, contains three elements: (1) an immediate threat of death or serious bodily injury, (2) a reasonable fear that the threat will be carried out, and (3) no reasonable opportunity to avoid the threatened harm other than by committing the charged criminal act. *See Fiore*, 178 F.3d at 922.

In support of his coercion defense, specifically as to an immediate threat of death or serious bodily injury, Savage refers to: (1) Dr. Bernard Rubin's report in which Dr. Rubin summarizes Savage's version of the events leading up to the criminal act, (2) threats made to Savage in

October 2003 and July 2004, (3) the Government's allegation in the original indictment that Valadez threatened and intimidated individuals, and (4) Savage's grand jury testimony that he was "scared shitless" by Valadez.

Dr. Rubin's report includes a history of the events leading up to the charged crime. The report includes a threat by Valadez to Savage in January 2002 with continuing threats to the early part of 2003. As to July 2003, the time of the charged crime, Dr. Rubin's report states that Valadez called Savage four times and demanded $20,000.00 and that Valadez told Savage that he would "leave Mr. Savage alone afterward." The remaining incidents included in the report relate to threats after the charged crime.

A defendant is entitled to a coercion instruction if he has produced sufficient evidence from which a rational jury could find all of the elements of the defense. *See Fiore*, 178 F.3d at 922. It cannot be determined, at this time, if Savage's theory regarding coercion will be supported by sufficient evidence to entitle Savage to a jury instruction on that issue. Accordingly, the Government's Motion *in Limine* No. 1 is denied at this time within the context set out above, *i.e.*, the Government may later renew its objection.

The Government's Motion *in Limine* No. 2 seeks the admission of Savage's prior drug dealing under the intricately related doctrine or under Federal Rule of Evidence 404(b). The evidence the Government seeks to introduce includes: (1) two prior convictions for drug possession, (2) Savage's admissions to law enforcement and in the grand jury concerning his prior drug dealings, and (3) testimony of Hugo Salinas concerning Savage's prior drug dealing.

The Government's Motion *in Limine* No. 2 seeks the admission of Savage's prior drug dealing under the intricately related doctrine or under Federal Rule of Evidence 404(b). The evidence the Government seeks to introduce includes: (1) two prior convictions for drug possession, (2) Savage's admissions to law enforcement and in the grand jury concerning his prior drug dealings, and (3) testimony of Hugo Salinas concerning Savage's prior drug dealing.

Under the intricately related doctrine, evidence of other acts that are intricately related to the facts of the case is admissible without reference to Rule 404(b) if such evidence is admissible under the balancing test of Rule 403. *See United States v. Owens*, 424 F.3d 649, 655 (7th Cir. 2005) (*Owens*). Intricately related evidence includes information that is necessary to provide the jury with the complete story of the alleged crime or to avoid a chronological or conceptual void. *See Owens*, 424 F.3d at 655.

At this time, the Government has failed to establish that the evidence sought to be introduced is admissible under the intricately related doctrine. The Government has failed to establish that Savage's 1997 and 2001 convictions for possession of cocaine or his admissions to law enforcement and in the grand jury concerning his prior drug dealings are necessary to provide the jury with the complete story of the alleged crime or to avoid a chronological or conceptual void. Furthermore, the Government has failed to establish that Salinas's testimony is necessary to provide the jury with the complete story of the alleged crime or to avoid a chronological or conceptual void or that his testimony is based on personal knowledge of any fact relevant to the alleged charged crime.

Alternatively, the Government seeks admission of the prior acts pursuant to Rule 404(b). Evidence of other crimes or acts is not admissible to prove the character of a person in order to show action in conformance with such action but may be admissible for "other purposes, such as proof of

5

motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). However, before evidence may be admitted under Rule 404(b), it must be determined whether: (1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged, (2) the other act is similar enough and close in time to be relevant to the matter at issue, (3) the evidence is sufficient to support a jury finding that the defendant committed the similar act, and (4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. *See Owens*, 424 F.3d at 653.

The Government argues that Savage's prior drug dealings are admissible because he is charged with a specific intent crime. Knowingly and intentionally possessing narcotics with the intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) is a specific intent offense. *See Bastanipour*, 41 F.3d at 1183. However, evidence of prior drug convictions is not always relevant to prove intent, such as when intent is not in dispute. *See Bastanipour*, 41 F.3d at 1183. At this point, it is unknown whether Savage's intent will be an issue at trial. Accordingly, granting the Government's motion at this time would be premature. *See Hawthorne*, 831 F. Supp. at 1400-01. Accordingly, the Government's Motion *in Limine* No. 2 is denied, again, within the context set out above.

The Government's Motion *in Limine* No. 3 seeks to allow the Government to cross-examine Savage based on his prior convictions if he testifies. The motion is premature at this stage of the litigation and is denied. *See Hawthorne*, 831 F. Supp. at 1400-01.

The Government's Motion *in Limine* No. 4 seeks to admit expert testimony on crack cocaine. In opposition, Savage has filed a motion *in limine* seeking to preclude the Government and its witnesses from identifying the substance as crack cocaine and to strike reference to crack cocaine

in the indictment. The Government's Motion *in Limine* No. 6 seeks to preclude Savage from arguing that he should be acquitted if the jury finds that the drug was not crack. The Government's Motion *in Limine* Nos. 4 and 6 and Savage's Motion *in Limine* are entered and continued, pending further hearing and consideration. *See Hawthorne*, 831 F. Supp. at 1400-01.

The Government's Motion *in Limine* No. 5 seeks to limit Savage's expert testimony because the expert *may* offer testimony outside his expertise. Granting the Government's motion at this time would be premature, *see Hawthorne*, 831 F. Supp. at 1400-01; accordingly, the motion is denied.

## CONCLUSION

For the foregoing reasons, Defendant's Motion *in Limine* to Preclude the Government and Its Witnesses from Identifying Substance as Crack Cocaine and to Strike Reference to Crack Cocaine in the Indictment is entered and continued. The Government's Motions *in Limine* Nos. 4 and 6 are entered and continued. The Government's Motions *in Limine* Nos. 1, 2, 3, and 5 are denied without prejudice to raise the same objections at the appropriate time during trial. The failure to object during trial will be deemed a waiver of these objections.

Dated: November 7, 2005

JOHN W. DARRAH
United States District Judge

7