UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No: 04 CR 534 |
| | ) | |
| HENRY SAVAGE | ) | Judge John W. Darrah |
| | ) | |

## MEMORANDUM OPINION AND ORDER

The United States of America ("the Government") brought an indictment charging Defendant, Henry Savage, with one count of possession with intent to distribute in excess of 50 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). The matter was tried before a jury from November 7, 2005 to November 14, 2005. The Defendant submitted a special verdict form as to whether the substance was crack cocaine. On November 14, 2005, the jury returned a verdict of guilty on the single count of possession with intent to distribute cocaine base and a finding that the substance was crack cocaine. The Defendant now moves for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure or, in the alternative, pursuant to Rule 29 of the Federal Rules of Criminal Procedure, for an order setting aside the finding of the jury that the substance the Defendant possessed was crack cocaine.

## LEGAL STANDARD

Federal Rule of Criminal Procedure 33 allows a trial court to grant a new trial on the motion of the defendant "if required in the interests of justice." *United States v. Kuzniar*, 881 F.2d 466, 470 (7th Cir. 1989). A motion for a new trial is not favored and should only be

1

granted with great caution. In order to obtain a new trial, a defendant must demonstrate that his substantial rights have been jeopardized. *United States v. Reed*, 986 F.2d 191, 192 (7th Cir. 1993).

Motions for judgment of acquittal should only be granted when "the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). A defendant "faces a nearly insurmountable hurdle [because courts] consider the evidence in the light most favorable to the Government, defer to the credibility determination of the jury, and overturn a verdict only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt." *United States v. Blassingame*, 197 F.3d 271, 284 (7th Cir. 1999) (*Blassingame*) (quoting *United States v. Moore*, 115 F.3d 1348, 1363 (7th Cir. 1997)). Thus, in viewing the evidence in the light most favorable to the Government, if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," a defendant's motion for judgment of acquittal should be denied. *United States v. Benjamin*, 116 F.3d 1204, 1206 (7th Cir. 1997).

Section 841(a)(1) of Title 21 of the United States Code states, in pertinent part:

> It shall be unlawful for any person knowingly or intentionally – (1) to manufacture, distribute, or possess with intent to manufacture, distribute, or dispense, a controlled substance . . .

21 U.S.C. § 841(a)(1). To sustain a conviction under Section 841(a)(1), the Government must prove three elements beyond a reasonable doubt: (1) that the Defendant knowingly or intentionally possessed the drug, (2) that the Defendant possessed the drug with intent to distribute, and (3) that the Defendant had knowledge that the drug was a controlled substance. *See United States v. Harris*, 325 F.3d 865, 868 (7th Cir. 2003).

2

## ANALYSIS

*Motion for a New Trial*

Although the Defendant asks that the guilty verdict of possession with intent to distribute cocaine base be set aside and a new trial be granted, most of the Defendant's argument is directed to whether the substance was crack cocaine. For purposes of resolving this issue presented in Defendant's motion for a new trial, a finding that the substance was crack cocaine (as opposed to powdered cocaine) need not be proven beyond a reasonable doubt to sustain a conviction under Section 841(a)(1). *See Harris*, 325 F.3d at 868 (element only includes knowledge that the matter is a controlled substance); *Knox v. United States*, 400 F.3d 519, 523 (7th Cir. 2005) (noting that neither drug type or quantity is an element of a Section 841 offense and that "withholding type or quantity from the jury reduces the maximum punishment but does not lead to an acquittal.")

As more fully discussed below, the record contains evidence from which the jury could reasonably find guilt beyond a reasonable doubt. The evidence demonstrates that the substance was a Schedule II Controlled Substance, cocaine base; moreover, Defendant has not shown that his substantial rights have been jeopardized or that a new trial on this charge is required in the interest of justice.

*Motion for Judgment of Acquittal*

The gravamen of this motion is whether the jury reasonably found that the drug seized from the Defendant was crack cocaine, rather than powdered cocaine. The penalty for possessing crack cocaine is significantly steeper than the penalties recommended by the Federal Sentencing

3

Guidelines for the possession of powdered cocaine.[1] "Congress set widely disparate threshold quantities for the two drugs, requiring one hundred times more powdered cocaine than crack cocaine to trigger inclusion in a particular range." *United States v. Pho*, 433 F.3d 53, 54 (1st Cir. 2006); *see also, United States v. Earnest* 129 F.3d 906, 915 (7th Cir. 1997) (*Earnest*).

Crack cocaine is a derivative of powdered cocaine. To create crack cocaine, powdered cocaine hydrochloride is concentrated by heating the drug in a solution of baking soda until the water evaporates. According to the Defendant, the Government produced no evidence that baking soda was used in the manufacture of the cocaine base seized from the Defendant and, thus, that the jury's finding that the substance was crack should be set aside. According to the Defendant, since there was no baking soda found in the end product, it was not crack cocaine.

The Government asserts that the jury's finding that the substance is crack cocaine is supported by the testimony of Terry Dal Cason, a Government expert witness. Dal Cason, a forensic chemist, testified that the substance seized from the Defendant was crack cocaine. However, as the Defendant notes, Dal Cason also conceded that he specifically tested for the presence of bicarbonate of soda and did not find any. However, he testified that there are a number of reasons for the absence of baking soda in the end product of crack cocaine; although, none of these theories had ever been verified by the scientific method, peer review, or analysis in scientific journals. He further testified he did not conduct test experiments on the sample to verify his theories. Dal Cason testified, however, that he could not exclude the possibility that baking soda had never been present in the substance seized from the Defendant.

---

[1] The determination whether the Government can prove, by a preponderance of the evidence, that the substance in question was crack is made at the time of sentencing. *United States v. Earnest*, 129 F.3d 906, 917 (7th Cir. 1997).

4

The Government's expert in drug investigations, James Chupik, also testified that the substance was crack cocaine. Chupik admitted, however, that he did not know whether there was any baking soda remaining in the sample. Chupik also admitted that he did not know how the drug had been manufactured and that he had no training in recognizing non-crack forms of cocaine base.

The Defendant also presented an expert in chemistry/toxicology, Dr. John Bederka. Dr. Bederka testified that crack is made by processing cocaine hydrochloride and baking soda. Dr. Bederka further testified that he tested specifically for the presence of baking soda and that his analysis determined that no baking soda was present. In Dr. Bederka's opinion, the sample was not crack cocaine, within the meaning of the listed definition, because there is no evidence that baking soda was used in the manufacture of the sample. Finally, Dr. Bederka testified that visual observation of a cocaine sample would not disclose whether it had been processed with bicarbonate of soda or another neutralizing agent.

At trial, the Defendant testified and stated that he previously admitted that the substance he possessed was crack cocaine; but the Defendant claimed that when he made that statement, the substance had not been tested.

In sum, the Government's evidence included: (a) testimony by the Government's two experts that the substance was cocaine base, both of whom testified that it was also crack cocaine; (b) testimony that the physical appearance of the substance was crack cocaine; and (c) the admission by the Defendant that the substance was crack cocaine. In weighing allegations

of inconsistent testimony and whether government witnesses were believable, the Court must "defer to the credibility determination of the jury, and overturn a verdict only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt." *Blassingame*, 197 F.3d at 284.

*Expert Testimony*

The Defendant specifically contends that it was error to admit the testimony of the Government's forensic chemist, Dal Cason. During the trial, the Defendant moved to strike Dal Cason's testimony regarding alternative theories for the absence of baking soda in the substance sample, arguing it was speculative and not supported by scientific methodology.[2] Citing *Chapman v. Maytag Corporation*, 297 F.3d 682 (7th Cir., 2002), the Defendant argued that this did not satisfy the requirements of Rule 702 of the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and that the Court erred in not striking this testimony and in failing to instruct the jury to disregard it.

The Court denied the Defendant's objections for the reasons set out in the transcript of the proceedings. However, even if the testimony of Dal Cason were to be excluded, the remaining evidence, viewed in the light most favorable to the Government, requires both of the Defendant's motions be denied.

Therefore, Defendant's motion for a new trial or for judgment of acquittal is denied.

---

[2] The Defendant stipulated to the qualifications of Dal Cason "as an expert in the field of forensic chemistry, controlled substances, including the identification and analysis of various forms of cocaine, including cocaine base and crack." (Transcript, 74:6-14).

6

## **CONCLUSION**

For the foregoing reasons, Defendant's post trial motions are denied.

Dated: February 21, 2006

JOHN W. DARRAH
United States District Court Judge