UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) Case No. 04-cr-534-5 |
| HENRY SAVAGE, | ) |
| | ) Judge John W. Darrah |
| Defendant. | ) |

# ORDER

Defendant Henry Savage's Motion for Reduction of Sentence [384] is denied. See statement below.

# STATEMENT

On November 14, 2005, following a jury trial, Defendant was convicted of possession with intent to distribute 50 or more grams of cocaine base in the form of crack cocaine. (*See* Dkt. No. 252.) On March 29, 2006, this Court sentenced Defendant at the low end of the advisory sentencing guidelines to a term of 210 months imprisonment and five years of supervised release. (*See* Dkt. No. 302.) Defendant's offense level was based on 62.6 grams of "crack" cocaine and the 6,221.7 grams of powder cocaine, resulting in an initial offense level of 32, pursuant to § 2D1.1(c)(4). On October 17, 2007, the Seventh Circuit affirmed Defendant's conviction and sentence. On September 11, 2008, this Court denied Defendant's first motion for a reduction in his sentence.

Defendant has moved again for a reduction of his sentence, pursuant to 18 U.S.C. § 3582(c), Guideline Amendment 750, and the Fair Sentencing Act of 2010. Guideline Amendment 750, which became effective on November 1, 2011, made permanent and retroactive certain reductions in the base offense level for most cocaine base ("crack") offenses. *See* U.S.S.G., App. C, Vol. Ill at 391-398; 76 Fed. Reg. 41332–41335 (July 13, 2011). Pursuant to Section 3582(c)(2) and U.S.S.G. 1B1.10(a)(2)(B), a reduction in the defendant's term of imprisonment is authorized only where an amendment "[has] the effect of lowering the defendant's applicable guideline range." U.S.S.G. 1B1.10(a)(2)(B); *see also United States v. Taylor*, 627 F.3d 674, 676 (7th Cir. 2010) (relief under § 3582(c) is not available where the amendment does not change the guideline range).

Defendant is not entitled to a reduction as a result of this amendment because his offense level remains unchanged. As noted above, this Court found that Defendant was responsible for 6,221.7 grams of powder cocaine, which quantity yields the same previously determined base offense of 32 that was applicable for the quantity of crack. *See* U.S.S.G. 2D1.1(c)(4). Therefore,

a reduction in Defendant's sentence is not authorized under § 3582(c)(2). Defendant's Motion is denied.

Date: _____7/23/2014_____   _____
JOHN W. DARRAH
United States District Court Judge